909 F.2d 1494
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
RALSTON PURINA COMPANY, Plaintiff-Appellant,
v.
A.E. STALEY MANUFACTURING COMPANY, Defendant/Cross-Appellant.
 Nos. 90-1019, 90-1045.
 
 Federal Circuit.
 July 5, 1990.
Rehearing Denied Aug. 10, 1990.
 Before MARKEY* and MICHEL, Circuit Judges, and RUDI M. BREWSTER, District Judge.**
 DECISION
 MARKEY, Circuit Judge.
 
 
 1
 Ralston Purina Company (Ralston) appeals from a judgment of the United States District Court for the Central District of Illinois, No. 84-1378 (July 27, 1989), holding United States Patent No. 3,940,495 ('495) unenforceable for inequitable conduct. A.E. Staley Manufacturing Company (Staley) cross-appeals denial of its motion to amend the judgment to include an award of attorney fees. We affirm.
 
 OPINION
 
 2
 Evidence supporting the finding that Ralston intended to deceive the Patent and Trademark Office (PTO) includes: (1) Brukardt and Price knew of the Archer-Daniels-Midland (ADM) Dutch application no later than 1968; (2) Ralston made no disclosure of the ADM Dutch application until 1973; (3) Ralston's disclosure of the ADM Dutch application appeared in an 18 page statement discussing 118 references; and (4) when the PTO examiner said that he had not fully considered the cited references and objected to the statement, citing Manual of Patent Examining Procedure Sec. 707.05(b), Ralston refused to limit the statement to the five most pertinent references. See Hewlett-Packard Co. v. Bausch & Lomb, Inc., 882 F.2d 1556, 1562, 11 USPQ2d 1750, 1755 (Fed.Cir.1989) ("intent usually can only be found as a matter of inference from circumstantial evidence."). Ralston did not and could not contest the finding that the ADM Dutch Patent application was material. The findings are not clearly erroneous and support the inferences drawn.
 
 
 3
 Ralston's reliance on Ralston Purina Co. v. Far-Mar-Co., Inc., 772 F.2d 1570, 227 USPQ 177 (Fed.Cir.1985) is misplaced. Inequitable conduct was neither at issue nor considered in that case.
 
 
 4
 In denying Staley's motion for attorney fees, the district court considered all relevant factors (Ralston's inequitable conduct, that "the issues in the case were very hotly contested and the case was vigorously litigated," and our holdings on validity and infringement in Far-Mar-Co.). We cannot say the district court abused its discretion in denying Staley's motion.
 
 
 
 *
 Circuit Judge Markey vacated the position of Chief Judge on 27 June 1990
 
 
 **
 The Honorable Rudi Brewster, District Judge for the United States District Court for the Southern District of California, sitting by designation